Charles W. Albright, complainant,

*v.*

William L. Taylor and Marion L. Taylor et al.,
defendants.

[Decided January 3d, 1928.]

*Messrs. Coult & Satz,* for the complainant.

*Mr. Joseph M. Degnan,* for the defendants.

Backes, V. C.

The complainant and defendants entered into a written
contract for the sale by the former to the latter of a house

and lot. The defendants refuse to perform, claiming that the complainant cannot give a marketable title. The alleged defect in the title reaches back to 1910. At that time the property belonged to Emily Yarrow. She acquired it by will from her husband. She died in that year leaving a last will and testament in which, after three pecuniary bequests, she disposed of her estate as follows:

"All the rest, residue and remainder of my estate, both real and personal, of whatever it may consist and wherever situated, I give, devise and bequeath unto my children, Elizabeth Torr, Sarah A. Matthew, William H. Yarrow, Jabez T. Yarrow, Emma Parks, Sidney Yarrow, Florence Yarrow, Arthur Yarrow, Philip W. Yarrow, George G. Yarrow and Earnest A. Yarrow, to be divided equally among them.

"I hereby nominate, constitute and appoint my son George G. Yarrow as sole executor of this will and as sole executor of the will of my late husband, William H. Yarrow, who, upon his appointment of me as executrix of his estate and for probation of which said will I have made application, but which may not have been probated at the time of my decease. Said George G. Yarrow is to act without bond *and to have full power of sale.*"

George G. Yarrow, the executor, conveyed the property in 1913 and the complainant holds through *mesne* conveyances. The contention is that the executor had no power to sell. It may be conceded that no power by implication arises from the direction that the estate, real and personal, be *divided* equally among the testatrix's eleven children (*Smalley* v. *Smalley, 54 N. J. Eq. 591*), but, obviously, it was the conception of the testatrix that the division should be in money, and to that end that the real estate be converted, and she unmistakably gave expression to her intention by the direction that her executor should have "full power of sale." In construing a will every word must, if possible, be given its true and full significance. None can be ignored. Here the power of sale related to the realty only, for the executor possessed the power to sell the personal property by virtue of his office. This was the practical construction placed on the will by the children. They acquiesced in the conveyance by the executor and to the division of the proceeds among them.

It is also objected that by the will of Mrs. Yarrow's husband he made a bequest of $100, and by her own will she gave to a beneficiary $100, and that these bequests are liens

on the land for which no releases are on file. By the agreed state of facts it appears that both bequests have, in fact, been paid and the evidence of payment is manifested by paid and canceled check vouchers of the executor of Mrs. Yarrow to both beneficiaries. Satisfaction of the seventeen-year-old legacies is established and the absence of formal releases will not be permitted to stand in the way of enforcement of the contract. A decree for specific performance will be advised.